UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 19-51477 |
| MARK ALAN FONTENOT | CHAPTER 7 |
|     DEBTOR | |
| | |
| ELIZABETH G. ANDRUS, TRUSTEE | |
|     PLAINTIFF | |
| | |
| VERSUS | ADVERSARY PROCEEDING NO. |
| | |
| U. S. SMALL BUSINESS ADMINISTRATION | 20AP-50____ |
|     DEFENDANT | |

<u>COMPLAINT TO DECLARE LIEN SATISFIED</u>

NOW INTO COURT, through counsel, comes Elizabeth G. Andrus, Trustee of the estate of Mark Alan Fontenot, who states:

**Jurisdiction and Venue**

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A).

2.

Venue is based on 28 U.S.C. §1409(a).

3.

The statutory basis for relief is 11 U.S.C. §544(a)(1) and (2).

**Background**

4.

The debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on December 11, 2019.

5.

Defendant is U. S. Small Business Administration, which may be served through the following:

1) Office of District Counsel, U. S. Small Business Administration, 365 Canal Street, Suite 2820, New Orleans, Louisiana 70130-1134; and

2) United States Attorney's Office, Western District of Louisiana, 300 Fannin Street, Suite 3201, Shreveport, Louisiana 71101-3608.

6.

By prior Order (Doc #38), the trustee was authorized to sell immovable property located at 12388 Highway 1131, Welsh, Louisiana 70591, more particularly described below, to Morgan and Ashley Morgan for the sum of $545,000.00 cash, "AS IS", free and clear of liens:

> COMMENCING FROM THE NORTHWEST CORNER OF LOT 1 OF THE BOURGEOIS SUBDIVISION IN THE WEST HALF OF THE SOUTHWEST
>
> QUARTER OF SECTION 2 AND THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 4, ALL IN TOWNSHIP 10 SOUTH, RANGE 5 WEST OF LOUISIANA MERIDIAN AS SHOWN ON PLAT TILTED THE SAME BY JASPER BOURGEOIS DATED MARCH 7, 1960; THENCE SOUTH 89°15'15" EAST A DISTANCE OF 1152.94 FEET TO THE POINT OF BEGINNING; THENCE CONTINUING SOUTH 89°15'15" EAST A DISTANCE OF 1659.06 FEET; THENCE SOUTH 00°38'20" WEST A DISTANCE OF 948.00 FEET; THENCE NORTH 89°15'25" WEST A DISTANCE OF 1242.00 FEET; THENCE NORTH 45°40'10" WEST A DISTANCE OF 17.65 FEET; THENCE NORTH 19°40'51" WEST A DISTANCE OF 610.52FEET; THENCE NORTH 16°03'34" WEST A DISTANCE OF 264.04 FEET TO THE POINT OF BEGINNING, CONTAINING 32.502 ACRES MORE OR LESS.

7.

By prior Order (Doc #39), the trustee was authorized to sell immovable property located at 12388 Highway 1131, Welsh, Louisiana 70591, more particularly described below, to Morgan and Ashley Morgan for the sum of $66,000.00 cash, "AS IS", free and clear of liens:

> COMMENCING FROM THE NORTHWEST CORNER OF LOT 1 OF THE BOURGEOIS SUBDIVISION IN THE WEST HALF OF THE SOUTHWEST QUARTER OF SECTION 2 AND THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 4, ALL IN TOWNSHIP 10 SOUTH, RANGE 5 WEST OF LOUISIANA MERIDIAN AS SHOWN ON PLAT TILTED THE SAME BY JASPER BOURGEOIS DATED MARCH 7, 1960; THENCE SOUTH 89°15'15" EAST A DISTANCE OF 1042.92 FEET; THENCE SOUTH 00°38'20" WEST A

DISTANCE OF 948.09 FEET, THENCE NORTH 89°15'25" WEST A DISTANCE OF 1042.92 FEET; THENCE NORTH 00°38'20" EAST A DISTANCE OF 948.14 FEET TO THE POINT OF COMMENCEMENT, CONTAINING 22.700 ACRES MORE OR LESS.

8.

By prior Order (Doc #40), the trustee was authorized to sell immovable property located at 1131 TBD Highway, Welsh, Louisiana 70591, more particularly described below, to Travis and Alyson Legros for the sum of $50,000.00 cash, "AS IS", free and clear of liens:

COMMENCING FROM THE NORTHWEST CORNER OF LOT 1 OF THE COMMENCING FROM THE NORTHWEST CORNER OF LOT 1 OF THE BOURGEOIS SUBDIVISION IN THE WEST HALF OF THE SOUTHWEST QUARTER OF SECTION 2 AND THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 4, ALL IN TOWNSHIP 10 SOUTH, RANGE 5 WEST OF LOUISIANA MERIDIAN AS SHOWN ON PLAT TILTED THE SAME BY JASPER BOURGEOIS DATED MARCH 7, 1960; THENCE SOUTH 89°15'15" EAST A DISTANCE OF 1042.92 FEET TO THE POINT OF BEGINNING OF TRACT 2; THENCE SOUTH 89°15'25" EAST A DISTANCE OF 110.03 FEET; THENCE SOUTH 16°03'34" WEST A DISTANCE OF 284.04 FEET; THENCE SOUTH 19°40'51" EAST A DISTANCE OF 610.52 FEET; THENCE SOUTH 45°40'10" EAST A DISTANCE OF 178.65 FEET; THENCE NORTH 89°5'25" WEST A DISTANCE OF 527.08 FEET; THENCE NORTH 00°38'20 EAST A DISTANCE OF 948.09 FEET TO THE POINT OF BEGINNING OF TRACT 2. CONTAINING 6.000 ACRES MORE OF LESS.

9.

A mortgage certificate from Jefferson Davis Parish, Louisiana, shows a mortgage in favor of U. S. Small Business Administration, dated November 14, 2012, in the sum of $315,000.00, etc., filed and recorded November 14, 2012, in Mortgage Book 644 at Page 190 bearing File Number 668555.

10.

The debtor listed a secured debt to the defendant in the amount of $380,145.86. The defendant has not filed a proof of claim.

11.

The trustee sold the immovable property of the debtor, free and clear of liens, referring liens to the proceeds.

12.

On information obtained from the U. S. Small Business Administration, El Paso Disaster Loan Servicing Center, their records indicate that the loan has been paid in full and the SBA has no further interest in the property according to SBA records. A release of lien was mailed to the debtor in November, 2019.

13.

11 U.S.C. §544(a)(1) and (2) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –

> (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

> (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists.

14.

The lien of record may be avoided if there is no underlying debt.

15.

The trustee seeks only judicial confirmation that no debt exists.

16.

The SBA has filed no claim in the case. The bar date for claims was April 23, 2020.

**Relief Requested**

17.

Said lien is avoidable under 11 U.S.C. §544(a)(1) and (2).

WHEREFORE, plaintiff prays for a judgment in her favor and against defendant, after notice, due process and hearing had, to avoid the lien described herein above.

    /s/ John W. Luster
JOHN W. LUSTER (Bar Roll #9184)
Attorney for Elizabeth G. Andrus, Trustee
Post Office Box 488
1120 Williams Avenue
Natchitoches, LA 71458-0488
Telephone: (318) 352-3602
Facsimile: (318) 352-3608
E-mail: luster_j@bellsouth.net

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Elizabeth G. Andrus, Trustee | **DEFENDANTS**<br>U. S. Small Business Administration |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>John W. Luster   318-352-3602<br>P O Box 488, 1120 Williams Avenue<br>Natchitoches, LA 71458-0488 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>X Trustee | **PARTY** (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>X Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Declare Lien Satisfied.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Mark Alan Fontenot | BANKRUPTCY CASE NO.<br>19-51477 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Western | DIVISION OFFICE<br>Lafayette || NAME OF JUDGE<br>John Kolwe |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ John W. Luster ||||
| DATE<br>4/29/2020 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John W. Luster ||

### INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.